IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JAMES L. WENZEL,

    Plaintiff,

vs.

KLAMATH COUNTY FIRE DISTRICT NO. 1;
BOARD OF DIRECTORS OF KLAMATH
COUNTY FIRE DISTRICT NO. 1; STEPHEN
ROBERT HEDLUND; and JIM TODDY,

    Defendants.

Case No. 1:15-cv-1371-CL

**OPINION AND ORDER**

AIKEN, District Judge:

In this employment action, plaintiff James Wenzel asserts that defendants—Klamath County Fire District No. 1 and its Board of Directors (collectively, "KCFD1"), Stephen Hedlund, and Jim Toddy—violated his rights under the United States Constitution, breached his employment agreement, and committed various torts against him under Oregon law. On August 29, 2017, Magistrate Judge Clarke filed a Report and Recommendation ("R&R") recommending this Court grant in part and deny in part defendants' motions for summary judgment. Three days later, Judge Clarke issued a minute order ruling on defendants' motions to strike. The R&R and

1   - OPINION AND ORDER

minute order are now before me pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72. All parties filed objections to the R&R, and KCFD1 filed an objection to the minute order. For the reasons set forth below, I decline to modify or set aside the minute order and adopt the R&R in full.

The Magistrates Act establishes procedures for district judges to review orders issued by magistrate judges. Depending on the nature of the order, review may be *de novo* or for clear error. As relevant here, the minute order—which contains an evidentiary ruling regarding the scope of the summary judgment record—is reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). By contrast, for the R&R, I must review "*de novo* . . . those portions . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

I find no error, much less clear error, in Judge Clarke's ruling on the motion to strike. In the Ninth Circuit, a court ruling on a motion for summary judgment "[does] not focus on the admissibility of the evidence's form," but instead concerns itself with the admissibility of its contents. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *see also Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) ("[T]he evidence presented at the summary judgment stage does not yet need to be in a form that would be admissible at trial[.]") As Judge Clarke noted, at trial, the standard changes, and the recording itself would be the only acceptable proof of the recording's content. *See* Fed. R. Evid. 1002. But on a motion for summary judgment, plaintiff's amateur transcript suffices, particularly in the absence of any substantive challenge to the transcript's accuracy.

I have reviewed the objected-to portions of the R&R *de novo* and find no error. With respect to the claim of intentional interference with economic relations, Hedlund and Toddy

advance alternative interpretations of the evidence, but the theory of the case advanced by plaintiff remains plausible; a factfinder could conclude, based on the evidence in the summary judgment record, that Hedlund had a personal vendetta against plaintiff and pursued it through the investigation, that Toddy shared Hedlund's wrongful motivation, and that their actions harmed his employment relationship with KCFD1. Regarding the "stigma-plus" liberty interest claim, I agree with Judge Clarke that the stigmatizing allegations against plaintiff were published. Under *Cox v. Roskelley*, 359 F.3d 1105, 1112 (9th Cir. 2004), placement of stigmatizing information in an individual's personnel file constitutes publication if the information could be accessed via a public records request. KCFD1's position in this litigation has been that the report is subject to disclosure under the state public records law. That means third parties could have gained access to the information through such a request, which is sufficient for publication under *Cox*. I also agree that on the facts of this case, Toddy's interviews of KCFD1 employees and others constituted publication. It is plain based on Toddy's testimony that the fifteen individuals he interviewed were made aware of the nature of the allegations against plaintiff, and Toddy testified he took no action whatsoever to prevent those interviewed from disclosing those allegations to third parties. I reject defendants' contention that such a ruling will be "disastrous" for employers; only a narrow range of misconduct qualifies as stigmatizing for due process purposes, and it is not unfair to expect employers who conduct a freewheeling inquiry without putting any disclosure safeguards in place to provide a name-clearing hearing.

Turning to plaintiff's objections, the economic loss rule continues to bar all negligence claims. Plaintiff has identified a sole purported injury to person or property: his interest in continued employment. But for the reasons set out in the R&R, plaintiff did not have a property

interest in the renewal of his contract. Accordingly, he has alleged only economic losses, and his negligence claims cannot proceed unless defendants owed him a special duty of care. *See Onita Pac. Corp. v. Trustees of Bronson*, 843 P.2d 890, 896 n.6 (Or. 1992). The special duty requirement is fatal to plaintiff's negligence claims because he has not established that any of the defendants owed such a duty *to him*. He contends he was a third-party beneficiary of Hedlund's agreement to represent KCFD1 and of Toddy's contract to perform the investigation, but that assertion is belied by the record. Plaintiff, as the subject of a fraud investigation, was not an intended beneficiary of that investigation. And although he may have been Hedlund's client or an intended beneficiary of Hedlund's agreement to represent KCFD1 with regard to other matters, he was not an intended third-party beneficiary of that agreement vis-à-vis the investigation of his own purported misconduct. Hedlund and Toddy certainly owed duties of honesty and competency to KCFD1, but those duties did not extend to plaintiff.

I ADOPT Judge Clarke's R&R (doc. 159). Defendants' motions for summary judgment (docs. 115, 118, & 120) are granted in part and denied in part as set forth in detail in the R&R. The parties are directed to contact Courtroom Deputy Cathy Kramer, Cathy_Kramer@ord.uscourts.gov or (541) 431-4102, to set a telephonic status conference to discuss how this case will proceed.

IT IS SO ORDERED.
Dated this 21st day of November 2017.

_____
Ann Aiken
United States District Judge